UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY D. ANDERSON,<br><br>　　　　　　Petitioner,<br><br>　　vs.<br><br>HIGH DESERT STATE PRISON,<br><br>　　　　　　Respondent. | CASE NO.  CV 10-03462 GHK (RZ)<br><br>ORDER TO SHOW CAUSE |

The Court issues this Order To Show Cause because (1) Petitioner has – or, at the time he commenced this action, had – a pending state-court habeas proceeding that, the Court suspects, could moot this action at least in part if he obtains relief therein; (2) Petitioner fails to name a proper respondent; and (3) Petitioner states, on the form petition, that he is *not* in custody due to the conviction or sentence at issue, a situation that would deprive this Court of jurisdiction.

### I.
### PENDING STATE-COURT CHALLENGE(S)

State prisoners seeking to challenge their convictions or sentences by way of a federal habeas petition must first exhaust state judicial remedies, by giving to the highest state court a fair opportunity to rule on the merits of each issue they wish to raise in federal

court.  28 U.S.C. § 2254(b), (c).  The exhaustion requirement, "grounded in principles of comity," *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991), is "principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

If a petitioner has post-conviction proceedings pending in state court, the federal exhaustion requirement is not satisfied.  *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *see also Belbin v. Picard*, 454 F.2d 202, 204 (1st Cir. 1972) (rejecting federal habeas relief where petitioner's state-court challenge to his conviction was still pending) ("We cannot too strongly condemn the practice of proceeding with post trial relief in two courts simultaneously . . . .").  A would-be federal habeas petitioner generally must await the outcome of any pending state-court challenges to his state conviction before proceeding in federal court, even if the issue he plans to raise in federal court has been finally settled in state court, and hence seemingly exhausted.  *See Sherwood*, 716 F.2d at 634.  Even if the pending state proceedings cannot resolve a federal constitutional issue raised in the federal petition, those state proceedings nevertheless may result in a reversal of the conviction for some other reason, thereby rendering the federal petition moot.  *Id*. (citations omitted).

Finally, a petitioner may not complete the exhaustion process in state court after filing a then-unexhausted federal petition, because  –

> [t]he appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for hearing in the district court or court of appeals.  Whether [Petitioner] currently has any state remedies available to him may be raised when and if [Petitioner] files another habeas petition in the district court.

*Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999) (citations omitted) (*quoting Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993) (*per curiam*)); *accord*, *Domaingue v. Butterworth*, 641 F.2d 8, 14 (1st Cir. 1981) (declining to take judicial notice of state court decision allegedly establishing exhaustion, rendered after filing of federal habeas petition that was unexhausted at time of filing).

Here, according to the face of the petition, Petitioner has not one but two pending state-court challenges to the same conviction and/or sentence that he wishes to challenge here. One, Petitioner states, was filed in the Court of Appeal on December 24, 2009. The other was filed in the California Supreme Court on October 25, 2009. (Public records of which the Court takes judicial notice indicate that the California Supreme Court rejected habeas relief on April 22, 2010. *See* docket in *In re Anderson*, No. S177558 (Cal. Supreme Ct.). The same database reflects no California Court of Appeal cases involving Petitioner in either the Third District of that court, in which Petitioner is confined, or in the Second District, where he was convicted.) If so, then this Court cannot proceed without offending the *Sherwood* doctrine. The federal courts must respect the possibility that Petitioner will obtain relief on his pending state petition. 716 F.2d at 634.

## II.
## JURISDICTIONAL REQUIREMENT OF CUSTODY

Federal courts have subject-matter jurisdiction to entertain state prisoners' habeas corpus petitions only if the petitioner is "in custody pursuant to the judgment of a State court . . . ." 28 U.S.C. § 2254(a); *see Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989). Yet Petitioner clearly has checked the form-petition box indicating, "No," he is *not* in custody pursuant to the April 2009 conviction and/or sentence targeted in this action. If he has marked the form correctly, then this action must be dismissed for want of jurisdiction.

## III.

## FAILURE TO NAME PROPER RESPONDENT

Finally, Petitioner names no proper respondent. A habeas petitioner must name the person having custody of the petitioner. 28 U.S.C. § 2242; Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. The sole proper respondent is the petitioner's physical, on-site custodian, typically the warden, and the petitioner's failure to name that custodian deprives the Court of personal jurisdiction. *Rumsfeld v. Padilla*, 542 U.S. 426, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004); *see also Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

## IV.

## CONCLUSION

For the foregoing reasons, the Court ORDERS Petitioner to show cause in writing, within 21 days, why this action should not be dismissed without prejudice. The Court will discharge this Order if, within the time stated, Petitioner not only (1) files a First Amended Petition that (truthfully) corrects the facial shortcomings noted above, but also (2) supplies a copy of his petition, or other pleading whereby he commenced his pending action, in the California Court of Appeal.

IT IS SO ORDERED.

DATED: May 11, 2010

```
                                    /s/ Ralph Zarefsky
                                    RALPH ZAREFSKY
                                    UNITED STATES MAGISTRATE JUDGE
```